UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD KREISLER, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff<br><br>- against -<br><br>FIVE MILL ENTERPRISES LLC and JOHN DOE d/b/a HEAVENLY MARKET,<br><br>         Defendants | 25 Civ. 6237<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, TODD KREISLER, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

**STATEMENT OF CLAIM**

1. Despite the unequivocal mandate of the ADA which has been in place for more than 3 decades, Defendants have elected to disregard their legal obligation to remove existing unlawful architectural barriers at its public accommodation. This deliberate indifference constitutes an ongoing policy and practice that systemically denies Plaintiff, and all other individuals who use wheelchairs or scooters due to disabilities, equal access to and full enjoyment of Defendants' facilities. As a result, Plaintiff and similarly situated individuals are unjustly excluded from the benefits, privileges, and services that the public accommodation is required to provide under the law.

2. Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin.

1

Code § 8-107, *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, New York.

9. Defendant Five Mill Enterprises LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10. Defendant Five Mill Enterprises LLC is owner of the commercial property which houses a public accommodation named Heavenly Market located at 1175 2nd Ave New York, NY 10065.

11. Defendant John Doe, doing business as Heavenly Market, is an entity that leases the commercial property located at 1175 2nd Ave., New York, NY 10065 from Defendant Five Mill Enterprises LLC. The legal name of John Doe is unknown.

12. John Doe d/b/a Heavenly Market owns and operates a public accommodation named Heavenly Market located at 1175 2nd Ave New York, NY 10065.

## CLASS ACTION

13. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

14. Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15. References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

16. The 2020 United States Census indicates that more than 61 million persons in the

United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

17. The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

18. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

19. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

20. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as "2010 Standards").

21. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as "1991 Standards").

22. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to the public accommodation, it must implement accessibility alterations to the maximum extent feasible so that the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities.

23. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or

benefit from services or accommodations.

24. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

25. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

26. If changes are made in the main use or dominant occupancy of such building, Defendants must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

27. Public accommodation located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as "BCCNY"). Where BCCNY and ADAAG differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

28. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

29. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

30. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

**FACTUAL BACKGROUND**

31. Plaintiff is substantially limited in walking. As a result, he uses a motorized wheelchair for mobility.

32. Defendant Five Mill Enterprises LLC owns or leases the commercial property which houses the public accommodation named Heavenly Market located at 1175 2nd Ave New York, NY 10065 (hereinafter 'public accommodation').

33. Defendant John Doe d/b/a Heavenly Market owns or operates the public accommodation named Heavenly Market located at 1175 2nd Ave New York, NY 10065.

34. The floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

35. Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

36. Upon information and belief, Defendants have made construction and accessibility alterations to the commercial space which houses their public accommodation on or after March 15, 2012.

37. On numerous occasions in 2024 and 2025, Plaintiff sought to access Defendants' public accommodation but was unable to do so due to the unlawful architectural barriers identified below, which prevented him from utilizing and entering Defendants' facilities.

38. Defendants have installed an improperly constructed ramp abutting their main entrance door. As a result, the ramp is an unlawful architectural barrier that obstructs the required accessible route to enter the public accommodation.

39. Plaintiff cannot safely open the entrance door due to the excessive slope of the ramp,

6

which causes him to lose his balance if he attempts to open the door.

40. Plaintiff cannot traverse the aisles of the public accommodation because there is insufficient clear floor space due to the placement of merchandise and wide shelving in the middle of the aisles.

41. Plaintiff lives in close proximity to the public accommodation and has frequently passed by Heavenly Market located at 1175 2nd Ave New York, NY 10065, since 2024.

42. Plaintiff regularly is a patron of many public accommodations in the area where Defendants' public accommodation is located.

43. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

44. Plaintiff has the intention to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible to and usable.

45. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. An accessible entrance is not provided within the site from accessible parking spaces and public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the 2010 Standards § 206.2.1.

    b. There does not exist an accessible route to enter Defendant's public accommodation, in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

    c. An accessible means of egress is not provided, in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

d.   The front counter is higher than 34 inches above the finished floor, in violation of 1991 Standards 5.2.

e.   The front counter is higher than 36 inches above the finished floor, in violation of 2010 Standards §§ 227 and 904.

f.   The walkway to enter Defendants' public accommodation has unlawful changes in level and openings in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 302 and 303.2.

g.   There is no level maneuvering clearance perpendicular to the entrance door in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.2.

h.   Defendant has a policy and practice to place a garbage receptacle which obstructs the maneuvering clearance to exit their public accommodation. Because of the placement of this garbage receptacle, there does not exist proper maneuvering clearance to exit the public use bathrooms in violation of the 2010 Standards §§ 304, 305 and 402.

i.   An improperly constructed and steep ramp is located adjacent to the entrance door. Due to these construction deficiencies, the ramp constitutes a non-compliant barrier by failing to provide the required level and sufficient maneuvering clearance perpendicular to the entrance door, in violation of the 1991 Standards § 4.13.6 and the 2010 Standards 404.2.4.

j.   The slope of the existing ramp is greater than 8° in violation of the 1991 Standards § 4.8.2 and 2010 Standards § 405.2.

k.   The closing speed of the main entrance door is more than 5 seconds in violation of the 2010 Standards § 404.2.8.

l.   An accessible route of 36 inches is not provided in the retail aisles of

Defendants' public accommodation.

m. Defendants have a policy and practice of placing retail merchandise on the aisle floors, resulting in obstruction of the 36-inch accessible route.

n. The placement of retail merchandise on the floor of the aisles obstructs the required access to the shelves.

o. Defendants' wide shelving in the center of retail aisles blocks the required 36-inch accessible route.

p. Defendants' wide shelving in the center of retail aisles obstruct the clear floor space needed to open the refrigerator doors.

q. The existing ramp does not have any edge protection as required by the 1991 Standards § 4.8.7 and 2010 Standards § 405.9. Nor does the existing ramp have a curb or barrier in violation of the 2010 Standards § 405.9.2.

r. The existing ramp run is a running slope steeper than 1:12.

s. Cross slope of ramp runs is steeper than 1:48.

46. The removal of existing architectural barriers can be removed without much difficulty or expense.

47. To date, Defendants have failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)
(Injunctive Relief)

48. Plaintiff is an individual with a disability as that term is defined by the ADA.

49. Defendants' retail store named Heavenly Market is located at 1175 2nd Ave New York, NY 10065 is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

50. The primary function of Defendants public accommodation is retail and food service.

9

51. During or subsequent to the construction and alteration of Defendants' public accommodation, they failed, to the maximum extent feasible, ensure that the path of travel altered area serving the altered area, are readily accessible to and usable by individuals with disabilities.

52. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard.

53. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

54. It is not structurally impracticable for Defendants' public accommodation to be accessible.

55. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

56. Since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

57. Defendant failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

58. It is not impossible for Defendant to remove the architectural barriers which exist at its public accommodation.

59. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

60. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

61. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

62. Defendant has afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

63. Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

64. Defendant has not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

65. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

66. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S.

Code § 12182(b)(2)(A)(i).

67. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

68. Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

69. Defendant should have achieved accessibility by January 26, 1992.

70. The barriers to access Defendant's public accommodation continue to exist.

71. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

72. Reasonable modification could be made which do not fundamentally alter the nature of the Defendant's program or activity.

73. The removal of existing architectural barriers is readily achievable.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiff)

74. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

75. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

76. 1175 2nd Ave New York, NY 10065 is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

77. Defendants own, operate, or leases a public accommodation named Heavenly Market located at 1175 2nd Ave New York, NY 10065.

78. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

79. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

80. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

81. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

82. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

83. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

84. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

## THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

(Statutory Damages on Behalf of Plaintiff)

85. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

86. On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

87. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

88. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

89. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law)

(Injunctive Relief and Damages on Behalf of Plaintiff)

90. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

91. Plaintiff is an individual with a disability as that term is defined by NYC Human Rights Law.

92. 1175 2nd Ave New York, NY 10065 is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

93. Defendants' refusal, withheld from or denial to a disabled person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation constitutes discrimination in violation of New York City Admin. Code § 8-107(4).

94. Defendants' practice to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by NYC Human Rights Law constitutes discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(19).

95. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

96. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

97. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

98. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

99. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiff)

100. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

101. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

102. The conduct of Defendants constitutes a failure to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

103. In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

104. The necessary reasonable accommodation does not cause Defendants an undue hardship.

105. The conduct of Defendants constitutes discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of New York City Human Rights Law, Administrative Code § 8-107(28)(c).

106. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

107. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

108. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA.

C. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.  Award statutory damages in the amount of $500 for each of Defendants violation of New York State Civil Rights Law § 40-c and 40-d.

G.  The court retain jurisdiction over the Defendants until the court is satisfied that the unlawful practices, acts and omissions no longer exist and will not reoccur.

H.  Award Plaintiff compensatory damages in the amount of $20,000 for the discrimination perpetrated by Defendant in violation of New York State Human Rights Law.

I.  Award Plaintiff compensatory damages in the amount to be determined by trial for the discrimination perpetrated by Defendant in violation of New York City Human Rights Law.

J.  Award plaintiff punitive damages in the amount to be determined by the jury for Defendants reckless disregard of Plaintiff's civil rights and their intentional discrimination in violations of New York City Human Rights Law.

K.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: July 18, 2025         LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

　　　　　　　　　　　　　　　　　　　　/s/ James E. Bahamonde
　　　　　　　　　　　　　　　　　　JAMES E. BAHAMONDE, ESQ.
　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff(s)
　　　　　　　　　　　　　　　　　　Tel: (646) 290-8258
　　　　　　　　　　　　　　　　　　Fax: (646) 435-4376
　　　　　　　　　　　　　　　　　　E-mail: James@CivilRightsNY.com