**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD KREISLER, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

   -against-

FIVE MILL ENTERPRISES LLC and JOHN
DOE d/b/a HEAVENLY MARKET,

                      Defendants.

Case No.:  25-cv-06237 (JPO)

**ANSWER OF DEFENDANT,**
**FIVE MILL ENTERPRISES LLC,**
**TO THE COMPLAINT**

       Defendant, Five Mill Enterprises LLC ("Defendant"), by its attorneys, Belkin Burden Goldman, LLP, as and for its Answer to the Complaint filed on July 29, 2025 (the "Complaint"), of Plaintiff, Todd Kreisler, individually and on behalf of all others similarly situated ("Plaintiff"), alleges as follows:

### STATEMENT OF CLAIM

       1.      The allegations in paragraph 1 of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and refers the Court and Plaintiff to the ADA under 28 U.S.C. §§ 12181 *et seq.*, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law, for their respective terms and provisions.

       2.      The allegations in paragraph 2 of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and refers the Court and the parties to the ADA under 28 U.S.C. §§ 12181 *et seq.*, the New York State Human Rights Law, the New York

State Civil Rights Law, and the New York City Human Rights Law, for their respective terms and provisions.

3.      Denies the allegations in paragraph 3 of the Complaint.

## VENUE AND JURISDICTION

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4, 5, 6 and 7 of the Complaint, and refers the Court and Plaintiff to the statutes alleged therein for their relevant terms and provisions.

## PARTIES

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

6.      Admits the allegations in paragraphs 9 and 10 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11 and 12 of the Complaint.

## CLASS ACTION

8.      The allegations in paragraphs 13, 14 and 15 of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and refers the Court and the parties to the ADA under 28 U.S.C. §§ 12181 *et seq.*, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law, for their respective terms and provisions.

**STATUTORY SCHEME**

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 of the Complaint, and refers the Court and Plaintiff to the statutes alleged therein for their relevant terms and provisions.

**FACTUAL BACKGROUND**

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

11.     Admits the allegations in paragraph 32 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33, 34, 35 and 36 of the Complaint.

13.     Denies the allegations in paragraphs 37, 38, 39 and 40 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41 and 42 of the Complaint.

15.     Denies the allegations in paragraphs 43, 44, 45(a) – 45(s), 46 and 47 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act)**

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and refers the Court and Plaintiff to the statutes

alleged therein for their relevant terms and provisions, except denies that Defendant has a retail store named Heavenly Market.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, except denies that Defendant has a public accommodation in retail and food service.

19.     Denies the allegations in paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of the Complaint.

## SECOND CAUSE OF ACTION
### (Violation of New York State Human Rights Law)

20.     In response to paragraph 74 of the Complaint, Defendant repeats, realleges, and reiterates its response to each of the allegations incorporated by reference therein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 75 and 76 of the Complaint, and refers the Court and Plaintiff to the statute alleged therein for its relevant terms and provisions.

22.     Denies the allegations in paragraphs 77, 78, 79, 80, 81, 82, 83 and 84 of the Complaint.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Law)

23.     In response to paragraph 85 of the Complaint, Defendant repeats, realleges, and reiterates its response to each of the allegations incorporated by reference therein.

24.     Denies the allegations in paragraphs 86, 87 and 88 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination in Violation of NYC Human Rights Law)**

26.     In response to paragraph 90 of the Complaint, Defendant repeats, realleges, and reiterates its response to each of the allegations incorporated by reference therein.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 91 and 92 of the Complaint, and refers the Court and Plaintiff to the statutes alleged therein for its relevant terms and provisions.

28.     Denies the allegations in paragraphs 93, 94, 95, 96 and 97 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

30.     Denies the allegations in paragraph 99 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

31.     In response to paragraph 100 of the Complaint, Defendant repeats, realleges, and reiterates its response to each of the allegations incorporated by reference therein.

32.     Denies the allegations in paragraphs 101, 102, 103, 104, 105 and 106 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

33.     In response to paragraph 107 of the Complaint, Defendant repeats, realleges, and reiterates its response to each of the allegations incorporated by reference therein.

34.     Denies the allegations in paragraph 108 of the Complaint.

## PRAYER FOR RELIEF

35.    To the extent not otherwise denied, Defendant denies Plaintiff is entitled to the relief requested herein.

## AFFIRMATIVE DEFENSES

36.    Without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following affirmative defenses. Defendant intends and specifically reserves the right to rely upon any additional defenses that become available or apparent while this action is pending and reserves the right to amend this answer in order to and to otherwise assert any such further defenses.

## FIRST AFFIRMATIVE DEFENSE

37.    The Complaint fails to state a claim upon which relief may be granted. Consequently, the Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of this action.  Consequently, the Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

39.    Federal law does not require Defendant to alter or modify the property. Consequently, the Complaint should be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

40.    New York State law does not require Defendant to alter or modify the property. Consequently, the Complaint should be dismissed.

**FIFTH AFFIRMATIVE DEFENSE**

41.    New York City law does not require Defendant to alter or modify the property. Consequently, the Complaint should be dismissed.

**SIXTH AFFIRMATIVE DEFENSE**

42.    Defendant has not engaged in any intentional discrimination to prevent or inhibit access to the property or to any of the facilities therein. Consequently, the Complaint should be dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

43.    Defendants has not denied Plaintiff physical access to the property or to any of the facilities therein. Consequently, the Complaint should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

44.    To the extent that Defendant has not made alterations to its space that Plaintiff alleges should have been made, such changes were not and are not required under federal, New York State or New York City law, and any requirement to make those changes would impose an undue burden upon Defendant and would not be readily achievable or feasible. Consequently, the Complaint should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

45.    Modifications of Defendant's policies, practices and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, and there is no duty to modify. Consequently, the Complaint should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

46.    Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages. Consequently, the Complaint should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiff lacks standing to pursue the claims asserted, and, to the extent he has standing to bring the Complaint, he lacks standing to challenge any alleged barriers to access not specifically encountered by Plaintiff. Consequently, the Complaint should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

48.    Plaintiff's claims are barred to the extent the relief he requests is not mandated by federal, state or city law. Consequently, the Complaint should be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

49.    Plaintiff has adequate legal remedies and therefore he is not entitled to injunctive relief or equitable relief. Consequently, the part of the Complaint seeking injunctive or equitable relief should be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff is not entitled to injunctive or equitable relief because he has not suffered, and will not suffer, any irreparable harm or injury. Consequently, the part of the Complaint seeking injunctive relief should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

51.    Defendant exercised reasonable care to ensure compliance with all federal, state and city laws, regulations and/or ordinances, and Plaintiff unreasonably failed and/or refused to take advantage of the accommodations provided, or otherwise to avoid harm. Consequently, the Complaint should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

52.    To the extent it is a prevailing party as to any claim alleged in the Complaint, Defendant reserves the right to seek all permissible relief authorized under federal, state and/or city laws, regulations and/or ordinances, and/or court rules applicable to actions brought in this Court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

53.    Defendant acted in good faith and/or its conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct. Consequently, the Complaint should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

54.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.  Consequently, the Complaint should be dismissed.

**WHEREFORE,** Defendant respectfully demands judgment as follows:

(a)    Dismissing the Complaint with prejudice;

(b)    Denying each and every demand, claim and prayer for relief contained in the Complaint; and

(c)    Awarding Defendant such other and further relief as the Court as the Court may deem just and proper.

Dated: New York, New York
        November 24, 2025

**BELKIN BURDEN GOLDMAN, LLP**

By: _____
        Mark N. Antar, Esq.
*Attorneys for Defendant*
Five Mill Enterprises LLC
60 East 42nd Street, 16th Floor
New York, NY 10165
Telephone: (212) 867-4466
Fax: (212) 297-1859
Mantar@bbgllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2025, the foregoing Answer was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules for the Southern and Eastern Districts of New York upon all the attorneys for the appearing parties in the above-entitled action by electronic mail and e-filing to ECF on PACER.

Dated: New York, New York
        November 24, 2025

                           **BELKIN BURDEN GOLDMAN, LLP**

By:_____
                 Mark N. Antar, Esq.
             *Attorneys for Defendant*
             Five Mill Enterprises LLC
             60 East 42nd Street, 16th Floor
             New York, NY 10165
             Telephone: (212) 867-4466
             Fax: (212) 297-1859
             Mantar@bbgllp.com